DocuSign Envelope ID: 18687BCB-7801-4237-B521-9FFA196AB61F

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ADRIAN MARTE, *individually and on*
*behalf of others similarly situated*,

                      *Plaintiff,*

vs.

ARS MOBILITY LLC, *a New York*
*limited liability company*, and
AGYAKAR WADHERA, *an individual,*

                      *Defendants.*

-------------------------------------------------------X

**CASE NO:**

## COMPLAINT

**ADRIAN MARTE** ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Law Offices of Nolan Klein, P.A., hereby sues **ARS MOBILITY, LLC** ("Corporate Defendant") and **AGYAKAR WADHERA** (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2.      Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5.      Plaintiff is over the age of 18 years, sui juris, and is a resident of this State.

6.      Corporate Defendant is a limited liability company organized and existing under the laws of the State of New York.

7.      Corporate Defendant is a mobile phone retailer located at 999 Southern Blvd., Bronx, NY 10459.

8.      On information and belief, Individual Defendant **AGYAKAR WADHERA** is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant's business.

9.      Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10.      Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12.     Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13.     Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14.      At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

15.     Plaintiff worked for the Defendants for approximately two (2) years, from December 2020 through June 2022.[1]

16.     Plaintiff was employed as a salesclerk and his job duties included selling products and services of the company.

17.     Plaintiff regularly handled goods in interstate commerce, including cellular phones, and processed payments made through national banking associations.

18.     Plaintiff's work duties required neither discretion nor independent judgment.

19.     Plaintiff worked six (6) days a week (Monday through Saturday) from 10.00 am through approximately 7.00 pm, and Sunday from 11.00 am to 6.00 pm. Accordingly, Plaintiff worked approximately 61 hours per week, or more or less. Plaintiff must review Defendant's time records to determine exact hours worked each day during his period of employment.[2]

---

[1] The only exception was a brief two-week interlude during this time period.

[2] Plaintiff was sometimes sent to other locations under common ownership, on information and belief, those are owed and operated by the same individual(s) under different limited liability companies, as will be learned during the course of discovery in this case.

20.     Plaintiff was paid a standard rate of $13.00 an hour when him employment began, and was eventually raised to $15.00 per hour, and then to 16.00 per each hour.

21.     Throughout his employment with Defendants, Plaintiff was paid in cash.

22.     Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

23.     Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

24.     Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

25.     Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he worked 10 hours or more.

4

26.     Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

27.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

28.     Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

29.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

30.     The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

31.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

32.     Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

33.     Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

34.     Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

35.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

36.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

37.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

38.     Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

39.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

40.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

DocuSign Envelope ID: 18687BCB-7801-4237-B521-9FFA196AB64E

41.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours was ten hours or more was willful within the meaning of NYLL § 663.

42.     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

43.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

44.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

45.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

46.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

47.     Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

48.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a)       Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b)       Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c)       Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d)       Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e)       Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f)       Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g)       Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h)       Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

i)        Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

j)        Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

k)       Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l)        Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m)       Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n)       Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

p)       All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

November 23, 2022

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**

*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:      (954) 745-0588


 By:  __*/s/ Nolan Klein*_____
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **ADRIAN MARTE**, am an employee currently or formerly employed by **ARS Mobility LLC** and/or related persons or entities. The allegations set forth in this Complaint have been explained to me in Spanish and are true and correct to the best of my knowledge, information, and belief. I have consented to be a plaintiff in the above-captioned action to collect unpaid wages and other damages.

11/23/2022

Date _____, 2022.

DocuSigned by:

9D14D37B805B4B1

**ADRIAN MARTE**