**LAW OFFICES OF NOLAN KLEIN, P.A.**         ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                                      Nolan Klein, Esq.
                                                                     klein@nklegal.com

March 24, 2023

**VIA ECF**
Honorable Jesse M. Furman
Southern District of New York
40 Foley Square
New York, NY 10007

    *Re:* *Marte, et. al v. ARS Mobility, LLC, et al.*
      SDNY Case No.: 1:22-cv-10000

Dear Judge Furman:

  Plaintiff, Adrian Marte ("Plaintiff") and Defendants, ARS Mobility, LLC ("ARS Mobility") and Agyakar Wadherra (collectively "Defendants") respectfully request that Your Honor approve the mediated settlement reached in this matter, pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). A copy of the executed settlement agreement (the "Agreement") is annexed herein as **Exhibit A**.

### Settlement Amount

  The Agreement resolves all claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by payment to Plaintiff in the amount of $25,000.00. This settlement was reached as a result of arm's length negotiation between counsel for the parties. For the reasons outlined below, the Court should approve this $25,000.00 settlement as a fair and reasonable compromise of the claims against Defendants in this case.

### Factual Background

  On November 23, 2022, Plaintiff, Adrian Marte, commenced this action, alleging that Defendants failed to pay all due overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide written notices required by the Wage Theft Prevention Act ("WTPA"). *D.E. 1*. Specifically, Plaintiff alleged that he was employed as salesclerk within the Defendants' mobile phone retail business and was not paid overtime for hours worked over 40 in a workweek, was not paid "spread of hours" when he worked 10 hours or more in a workday and was not provided documents required by the WTPA.

The parties immediately began arm's length negotiations through legal counsel. Counsel for Defendants produced detailed contemporaneous time records demonstrating that Plaintiff did in fact work overtime that was not properly compensated and that he is owed $6,217.50 for unpaid overtime. Plaintiff was also not provided documents required by the WTPA and is therefore owed a total of $16,217.50 (including both FLSA and state law claims).

After the deduction of legal fees payable to Plaintiff's counsel (Plaintiff's counsel has agreed to waive costs) totaling one third (or $8,330) this results in a settlement payment to Plaintiff of $16,670, which is effectively a 100% recovery on these claims. This clearly reflects a reasonable compromise between the parties' disputed positions in this matter. This settlement considers the costs and the uncertainty of protracted litigation.

## **Fairness of the Settlement Agreement**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In evaluating the fairness of the agreement, the District Court may utilize the factors set forth by *Wolinsky,* 900 F. Supp. 2d 332, 335. Those factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

It is respectfully submitted that all *Wolinsky* factors require approval of the settlement agreement. As to the first factor, Plaintiff proposed ultimate recovery (<u>*after* </u>deduction of legal fees) represents all of his total alleged damages. *See Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171 at *2 (S.D.N.Y. 2017)(net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery). Even absent the significant litigation risks in this case (discussed further below), this clearly represents a fair and reasonable settlement. As to the second factor, this agreement resolves a *bona fide* dispute over genuinely contested issues, namely the lawsuit that Plaintiff brought to recover his unpaid overtime. Plaintiff and Defendants believe that is in their best interests to resolve on the current terms rather than to be subject to protracted and expensive additional litigation, including the burdens and risks thereof.

Next, as to the third factor, the parties face serious litigation risks as to both liability and damages. Plaintiff risks protracted litigation, and Defendants risk paying more than was agreed herein in the form of untold additional legal fees to their own counsel, and if Plaintiff prevails, additional fees to Plaintiff's counsel as well. As to the fourth factor and fifth factor, the arm's length nature of the negotiations, including through an experienced mediator, all weigh heavily in favor of *Cheeks* approval. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1

(S.D.N.Y. Jan. 9, 2012) ("[T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"); *Hernandez v. C-Penn Foods Inc.*, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

### **Attorney's Fees and Costs**

As to amount, Plaintiff's Attorney's fees in FLSA matters may be calculated as either (a) a percentage of recovery or (b) as the product of a reasonable hourly rate and the reasonable number of hours expended (the loadstar method). *Flores v. Food Express Rego Park, Inc.*, 2016 U.S. Dist. LEXIS 11351 at *6-7 (E.D.N.Y. 2016) *citing McDaniel v. City of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). As to the percentage of recovery method, "[i]n this Circuit, courts typically approve attorney's fees that range between 30 and 33[percent]." *Thornhill v. CVS Pharm., Inc.*, 2014 U.S. Dist. LEXIS 37007, *3 (S.D.N.Y. 2014); *Briggs v. DPV Transp., Inc.*, 2021 U.S. Dist. LEXIS 245830, *5 (S.D.N.Y. 2021)("Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. 2013)(same).

Here, Plaintiff's counsel seeks 1/3 of the total recovered as contingency legal fees in this case, or $8,330. Plaintiff's counsel waives the right to recover anything additional as costs. Because a 1/3 contingency fee is "commonly approved" in this Circuit, and particularly because the loadstar "cross-check" reveals legal fees significantly more than this 1/3 contingency fee, Plaintiff respectfully requests that the contingency fee in this case also be approved as fair and reasonable in this case.

### **Conclusion**

For the foregoing reasons, counsel for all parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. 2011).

Respectfully submitted,

 */s/ Nolan K. Klein*
Nolan K. Klein, Esq.

cc:   Harjot Singh, Esq. (via ECF)